IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIA MISHER, a Minor, by her Mother and Next Fried, SANDRA FLETCHER, | ) ) ) | No.   10 C 1753 |
| Plaintiff, | ) ) | JUDGE KENDALL |
| vs. | ) ) | Magistrate Judge Ashman |
| CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY $11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2487, ERIC BROWN #15572, VINCENT VASQUEZ, #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLEN EVANS #433, All individually and as agents, servants and/or employees of the CITY OF CHICAGO, a Body Politic and Corporate, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants Chicago Police Officer(s) Steven Archer #19735 ("Archer"), Jason Lenski #10213 ("Lenski"), Bobby Weatherly #11400, ("Weatherly"), Casey Ciner #16070, ("Ciner"), Cory Junious ("Junious"), Timothy Fenton #19013, ("Fenton"), Enyinnaya Nwagwu #7099 ("Nwagwu"), Ryan Winfrey, #19585, ("Winfrey"), Daniel Skupien #6635 ("Skupien"), Elgin Holt #2587, ("Holt"), Eric Brown #15572 ("Brown"), Vincent Vasquez #15969 ("Vasquez"), Wilford Fields #12773 ("Fields"), Mark Yelverton #16022 ("Yelverton") and Glenn Evans #433 ("Evans"), ("Defendant Officers"), by and through their attorney Thomas Freitag, Assistant Corporation Counsel for the City of Chicago, and Defendant City of Chicago, (hereinafter referred to as "Defendant City"), by Mara

S. Georges, Corporation Counsel for the City of Chicago, for their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint, state as follows:

## COUNT I

## CIVIL RIGHTS - COMPENSATORY AND PUNITIVE DAMAGES

1. That this action arises under Section 1983 and 1988 of the Civil Rights Act, to-wit: 42 U.S.C., Sections 1983 and 1988 and the jurisdiction of this Court is based upon 28 U.S.C., Sections 1331 and 1343.

**ANSWER:** **Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in her Complaint to have a federal claim in this Count, and that such jurisdiction would be proper for that claim. Defendants deny any remaining allegations and complained of conduct contained in paragraph 1 of Plaintiff's Complaint, above.**

2. That on or about September 23, 2009, and for a long time prior thereto, the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, were employed as City of Chicago Police Officers, within the scope of their employment and under the color of state law.

**ANSWER:** **Defendants admit that at all times relevant to Plaintiffs' Complaint, Defendant Officers were Chicago Police Officers, on duty in the course of their employment, and acting under color of law, and in terms of the allegations in this paragraph regarding "long time prior thereto", because those allegations are vague as to what plaintiff means by the phrase "long time prior thereto", Defendants lack sufficient knowledge or information to admit or deny those allegations. Further answering, Defendants deny any remaining allegations and complained of conduct contained in**

Case: 1:10-cv-01753 Document #: 29 Filed: 09/17/10 Page 3 of 14 PageID #:76

paragraph 2 of Plaintiffs' Complaint, above.

3. That on or about September 23, 2009, Plaintiff, BRIA MISHER, was at or near the premises located at 7756 South Paulina in the City of Chicago, County of cook and State of Illinois, when defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, arrived at said premises.

**ANSWER:** **Defendants admit that on September 23, 2009, Defendant Officers were at or near the premises located at 7756 South Paulina in the City of Chicago, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.**

4. That Plaintiff, BRIA MISHER, while at the above-mentioned location was assaulted and battered without any reason or provocation by the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, specifically, when said Defendants battered Plaintiff about his body and face.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

5. That Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, specifically assaulted and battered the plaintiff, BRIA MISHER, about his body without any reasonable provocation whatsoever or in a defensive manner and committed said assault using excessive fore which was unreasonable in light of the facts and circumstances confronting the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, which resulted in severe injuries to the Plaintiff, BRIA MISHER.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

6. That said Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070,

CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, assaulted and battered the Plaintiff, BRIA MISHER without any reasonable provocation whatsoever and committed said assault using excessive force after they knew that Plaintiff, BRIA MISHER, was not acting in a defensive manner and Defendants' acts were committed in a reckless and callous disregard for Plaintiff's rights.

**ANSWER**: Defendants deny the allegations contained in this Paragraph.

7. That the assault of the Plaintiff herein, as fully described herein, was committed by the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, under the color of law and violated the rights of the Minor Plaintiff, BRIA MISHER, as guaranteed by the Fourth Amendment via the Fourteenth Amendment of the Constitution of the United States.

**ANSWER**: Defendants deny the allegations contained in this Paragraph.

8. That as a direct and proximate result of the acts of the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, the Minor Plaintiff, BRIA MISHER, became seriously and permanently injured, specifically, she suffered multiple body trauma and also suffered mental damages which in combination caused great discomfort and has and will cause the Minor Plaintiff to incur ongoing damages as she attempts to recover from the damages proximately caused by the acts of the Defendants UNKNOWN CHICAGO POLICE OFFICERS.

**ANSWER**: Defendants deny the allegations contained in this Paragraph.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## COUNT II

## INTENTIONAL TORT ASSAULT AND BATTERY

9. That this cause of action arises under Illinois State Law and this Court has

jurisdiction over this State Law claim, pursuant to 28 U.S.C. Section 1367.

**ANSWER:** **Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint, above, to the extent that Plaintiff purports in this Count to have a Illinois state law claim in this Count, and that such jurisdiction would be proper for that claim, but Defendants deny any remaining allegations and complained of conduct contained in paragraph 9 of Plaintiff's Complaint, above.**

10. That on or about September 23, 2009, the Minor Plaintiff, BRIA MISHER, was lawfully at or near the premises located at 7756 South Paulina in the City of Chicago, County of Cook and State of Illinois.

**ANSWER**: **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.**

11. That on or about September 23, 2009, and for a long timer prior thereto, the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, were employed as City of Chicago Police Officers by virtue of the law of the State of Illinois.

**ANSWER:** **Defendants admit that at all times relevant to Plaintiffs' Complaint, Defendant Officers were Chicago Police Officers, on duty in the course of their employment, and acting under color of law, and in terms of the allegations in this paragraph regarding "long timer prior thereto", because those allegations are vague as to what plaintiff means by the phrase "long timer prior thereto", Defendants lack sufficient knowledge or information to admit or deny those allegations. Further answering, Defendants deny any remaining allegations and complained of conduct contained in paragraph 11 of Plaintiffs' Complaint, above.**

12. That said Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, assaulted and battered said Minor Plaintiff without probable cause, the result of which the Minor Plaintiff is presently in the most serious physical condition imaginable.

**ANSWER**:   **Defendants deny the allegations contained in this Paragraph.**

13. That at all times mentioned in this complaint the Minor Plaintiff was in the exercise of due care and caution for her own safety.

**ANSWER**:   **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.**

14. That it was the duty of the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, herein acting as agents, servants and/or employees of Defendant CITY OF CHICAGO, a Body Politic and Corporate, Individually, not to subject the Minor Plaintiff to unreasonable risk of injury.

**ANSWER**:   **Defendants object to the extent this paragraph seeks a legal conclusion, and without waiving such objection, admit that any duty exists only to the extent provided by law and deny that plaintiff has accurately stated the legal duty they owed to plaintiff, and deny the remaining allegations of this paragraph and deny that any breach of such duty occurred.**

15. That at the aforesaid time and place, the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, herein acting as

servants and/or employees of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, Individually, did commit one or more of the following intentional acts:

    a.    Intentionally assaulted and battered the Minor Plaintiff about her body and face.

    b.    Intentionally assaulted and battered the Minor Plaintiff without probable cause and without provocation and without fear for their lives.

**ANSWER**:    **Defendants deny the allegations contained in this Paragraph.**

    16.    That as a direct and proximate result of the aforesaid intentional acts of the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, Individually, and acting as agents, servants and/or employees of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, said Minor Plaintiff was seriously and permanently injured, both internally and externally, specifically, the Minor Plaintiff suffered multiple body trauma and mental damage; she suffered great pain and anguish and was hindered and delayed in her occupation and continues in said same condition presently.

**ANSWER**:    **Defendants deny the allegations contained in this Paragraph.**

    WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

### COUNT III

### FALSE IMPRISONMENT

    17.    Plaintiff re-alleges and incorporates herein paragraphs 9 through 11 of Count II as if fully set forth herein.

**ANSWER: Defendants reassert their answers to Paragraphs 9- 11 as their answers to this Paragraph, as if fully stated herein.**

    18.    That the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN  EVANS #433, individually, and acting as agents, servants and/or employees of

Defendant, CITY OF CHICAGO, a Body Politic and Corporate, physically restrained said Minor Plaintiff without probable cause, the result of which the Minor Plaintiff is presently in the most serious physical and mental condition imaginable.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

19. That at all times mentioned in this Complaint, the Minor Plaintiff was conscious of the confinement and/or harmed by said confinement.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

20. That Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, Individually, and acting as agents, servants and/or employees of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, unlawfully restrained the Minor Plaintiff's personal liberty of freedom of locomotion against Minor Plaintiff's will.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

21. That the confinement imposed upon the Minor Plaintiff by the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, Individually, and acting as agents, servants and/or employees of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, was complete and there was no reasonable means of escape.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

22. That the confinement imposed upon the Minor Plaintiff by the Defendant, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, Individually, and acting as agents, servants an/or employees of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, was unlawful.

**ANSWER**: **Defendants deny the allegations contained in this Paragraph.**

23. That as a direct and proximate result of the aforesaid acts of the Defendants, CHICAGO POLICE OFFICERS STEVEN ARCHER #19735, JASON LENSKI #10213, BOBBY WEATHERLY #11400, CASEY CINER #16070, CORY JUNIOUS, #18350, TIMOTHY FENTON #19013, ENYINNAYA NWAGWU #7099, RYAN WINFREY #19585, DANIEL SKUPIEN, #6635, ELGIN HOLT #2587, ERIC BROWN #15572, VINCENT VASQUEZ #15969, WILFORD FIELDS #12773, MARK YELVERTON #16022, GLENN EVANS #433, Individually, and acting as agents, servants and/or employees of Defendants, CITY OF CHICAGO, a Body Politic and Corporate, said Minor Plaintiff was seriously and permanently injured, both internally and externally, specifically, Minor Plaintiff suffered multiple body trauma and mental damage; she suffered great pain and anguish and was hindered and delayed in her occupation and continues in said same condition presently.

**ANSWER**:   **Defendants deny the allegations contained in this Paragraph.**

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## COUNT IV

## RESPONDEAT SUPERIOR

24. Plaintiff realleges and incorporates herein paragraphs 1 through 8 of Count I, 9 through 16 of Count II and 17 through 23 of Count III as if fully set forth herein.

**ANSWER:  Defendants reassert their answers to Paragraphs 1- 23 as their answers to this**

**Paragraph, as if fully stated herein.**

25. The actions of the Individual Defendants as set forth above and herein were done while the Defendants were within the scope of their employment.

**ANSWER:   Defendants admit that at all times relevant to Plaintiffs' Complaint,**

**Defendant Officers were Chicago Police Officers, on duty in the course of their**

**employment, and acting under color of law, but deny the remaining allegations and**

**complained of conduct contained in paragraph 25 of Plaintiffs' Complaint, above.**

26. Defendant, CITY OF CHICAGO, employed said Defendants and is therefore liable under the Doctrine of Respondeat Superior for the state law claims alleged in Count II above.

**ANSWER:** Defendants admit that, at all times relevant to Plaintiff's Complaint, Defendant Officers were on duty and were working within the scope of their employment with the City of Chicago, however Defendants deny the remaining allegations and complained of conduct contained in paragraph 26 of Plaintiff's Complaint, above.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE:
### QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2006).

### THIRD AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

### FOURTH AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-204

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2006).

### FIFTH AFFIRMATIVE DEFENSE:
### STATE TORT IMMUNITY ACT 745 ILCS 10/2-208

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by an employee instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208 (West 2006).

### SIXTH AFFIRMATIVE DEFENSE:
### STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW

Defendants are not liable to Plaintiff to the extent that any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiffs. Even if Defendants were liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful

and wanton and intentional conduct of Plaintiff which were the proximate cause of his respective injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and reduces a plaintiffs' recovery according to their respective contributory negligence and bars their recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

### SEVENTH AFFIRMATIVE DEFENSE:
### MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

### EIGHTH AFFIRMATIVE DEFENSE:
### NO ATTORNEYS FEES FOR STATE LAW CLAIMS

As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

### NINTH AFFIRMATIVE DEFENSE:
### RESPONDEAT LIABILITY ONLY IF AGENT LIABLE

Defendant City of Chicago ("City")  is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

### TENTH AFFIRMATIVE DEFENSE:
### NO CITY PUNITIVE DAMAGES

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or third party. 745 ILCS 10/2-1-2 (2006).

### CONCLUSION

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

### JURY DEMAND

Defendants hereby demand a jury trial for all issues so triable.

                                                Respectfully submitted,
MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

/*S*/ Thomas Freitag
THOMAS FREITAG
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIA MISHER, a Minor, by her Mother and Next Fried, SANDRA FLETCHER, | ) ) ) | No. 10 C 1753 |
| Plaintiff, | ) ) | JUDGE KENDALL |
| vs. | ) ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, a Body Politic and Corporate, et al., | ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:   Steven J. Malman
      Law Offices of Steven J. Malman & Associates, P.C.
      205 West Randolph Street - Suite 1040
      Chicago, Illinois 60606

   PLEASE TAKE NOTICE that on September 17, 2010 the Defendants have filed their answer and defenses to plaintiff's complaint, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

   I hereby certify that I have served this notice and the attached document by causing it to be delivered using the CM/ECF system to the person named above at the address shown this 17th day of September, 2010.

                                        Respectfully submitted,

                                        MARA S. GEORGES,
                                        CORPORATION COUNSEL
                                        CITY OF CHICAGO

                              By:       /*S*/ Thomas Freitag
                                        THOMAS FREITAG
                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245